**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose MENDOZA–SIFUENTES, Defendant–Appellant.**

No. 04–40363.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Oct. 4, 2005.

Paula Camille Offenhauser, James Lee Turner, Assistant U.S. Attorneys, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff-Appellee.

Marjorie A. Meyers, Federal Public Defender, H. Michael Sokolow, Cesar A. Amador, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant-Appellant.

Before KING, Chief Judge, and DeMOSS and CLEMENT, Circuit Judges.

## ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

PER CURIAM: *

This court affirmed the conviction and sentence of Jose Mendoza–Sifuentes (Mendoza). *United States v. Mendoza–Sifuentes,* 115 Fed.Appx. 224 (5th Cir.2004) (unpublished). The Supreme Court vacated and remanded for further consideration in light of *United States v. Booker,* —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). *See de la Cruz–Gonzalez v. United States,* —— U.S. ——, 125 S.Ct. 1995, —— L.Ed.2d —— (2005). This court requested and received supplemental letter briefs addressing the impact of *Booker.*

In his supplemental letter brief, Mendoza argues that the district court committed reversible plain error when it sentenced him pursuant to the mandatory United States Sentencing Guidelines system held unconstitutional in *Booker.* He also argues that his *Booker* claim is not precluded by the terms of the appellate-waiver provision in his plea agreement.

This court previously held that Mendoza's claims were not precluded by the terms of the appellate-waiver provision. However, the Supreme Court vacated this court's judgment and remanded the case for further consideration in light of *Booker.* Thus, the prior opinion is deprived of any precedential effect, and this court must consider whether, in light of *Booker* and this court's subsequent decisions, Mendoza's *Booker* claim is precluded by the terms of the appellate-waiver provi-

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sion. *See Brown v. Bryan County, OK,* 219 F.3d 450, 453 n. 1 (5th Cir.2000).

The record reflects that Mendoza knowingly and voluntarily waived his right to appeal his sentence. *See United States v. McKinney,* 406 F.3d 744, 746 (5th Cir. 2005). He reserved the right to appeal only a sentence imposed above the statutory maximum or an upward departure from the guideline range. After *Booker,* this court has held that the foregoing exceptions are not implicated, and, thus, Mendoza's *Booker* claim is barred by the appellate-waiver provision. *See United States v. Bond,* 414 F.3d 542, 543 (5th Cir.2005) (sentence in excess of the statutory maximum); *McKinney,* 406 F.3d at 746–47 (upward departure).

In his original appeal to this court, Mendoza argued that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) were unconstitutional. To the extent Mendoza's challenge to the constitutionality of 8 U.S.C. § 1326 is construed as a challenge to his conviction, it is not precluded by the terms of the appellate-waiver provision. Nevertheless, this argument is foreclosed. *See Almendarez–Torres v. United States,* 523 U.S. 224, 247, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998); *United States v. Dabeit,* 231 F.3d 979, 984 (5th Cir.2000). *Booker* did not overrule *Almendarez–Torres. See Booker,* 125 S.Ct. at 756.

Accordingly, the judgment of the district court is AFFIRMED.